# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| **ANTWAN RICARDO CONSTANT,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> v. ) <br> ) <br> **JOEL ZEIGLER, Warden,** ) <br> **FCI Beckley,** ) <br> ) <br> **Respondent.** ) | **Civil Action No. 5:11-1007** |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 22, 2011, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and a Memorandum of Law in Support. (Document Nos. 1 and 2.)[1] Having examined the record, the undersigned has determined, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

## BACKGROUND AND PETITIONER'S CLAIMS

Petitioner pled guilty in October, 2006, in the United States District Court for the Eastern District of North Carolina to (1) possessing crack cocaine and aiding and abetting it in violation of 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2, (2) possessing a firearm during and in relation to a drug trafficking crime and aiding and abetting it in violation of 18 U.S.C. §§ 924(c)(1)(C) and 2 and (3) possessing a firearm having been convicted of a felony in violation of 18 U.S.C. §§ 922 (g)(1) and 2. The District Court sentenced Petition in October, 2007, to 400 months in prison. See United States v. Constant, 2011 WL 649767 at *1 (E.D.N.C.). Petitioner did not appeal his conviction or sentence

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

but filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255 in the Eastern District of North Carolina in June, 2009, claiming that his trial attorney provided ineffective assistance of counsel by failing to (1) explain the Count One charges against him and the plea agreement preventing him from making an intelligent decision to plead guilty to those charges, (2) object to the sufficiency of the evidence in support of the Count Two charges and (3) appeal the Court's determination in sentencing him that he is a career offender. Id. The District Court dismissed Petitioner's Section 2255 Motion on February 11, 2011. Id. Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed his appeal on June 1, 2011. United States v. Constant, 433 Fed.Appx. 169, 2011 WL 2144546 (C.A.4(N.C.)).

In his Section 2241 Application (Document No. 1, p. 6.), Petitioner states as the ground upon which he seeks relief that "[t]he . . . act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a § 2255 Motion." In his Memorandum of Law in Support (Document No. 2.), Petitioner indicates that he was convicted in 2001 of walkaway escape in violation of 18 U.S.C. § 751(a) for leaving a halfway house to go to work and not returning and sentenced to fourteen months in prison. Petitioner indicates that in sentencing him in 2007 the District Court considered this conviction a predicate offense as a prior felony conviction of a crime of violence in determining that he is a career offender under U.S.S.G. § 4B1.1. (Id., pp. 4 - 5.)[2] Petitioner cites Chambers v. United States, 555 U.S. 122, 126 - 127, 129 S.Ct. 687, 691, 172 L.Ed.2d 484 (2009), contending that under that decision his walkaway escape conviction should no longer

---

[2] Petitioner asserts that while his trial attorney objected prior to his sentencing to the Office of Probation's determination that his walkaway escape conviction was a crime of violence which qualified as a predicate offense in considering his career offender status, his trial attorney was ineffective in failing to appeal the District Court's denial of his objection. (Document No. 2, pp. 5 - 6.)

2

be considered a predicate offense in determining his status as a career offender. (Id., pp. 5, 8 - 9.) Petitioner requests that the District Court remand this matter to the Eastern District of North Carolina for re-sentencing or permitting him to appeal his sentence on the basis of Chambers. (Id., p. 9.)

## THE STANDARD

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th

Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Thus, before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

"The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

## **DISCUSSION**

Petitioner in this case seeks relief under Section 2241 asserting that the United States Supreme Court's decision in Chambers changed the substantive law applied in determining his sentence. While the Supreme Court issued its decision in Chambers after Petitioner's conviction and sentence became

final, the change occurred while his Section 2255 Motion was pending. The District Court sentenced Petitioner in October, 2007, and Petitioner did not appeal. Petitioner's sentence therefore became final ten days after his sentencing when he did not file a notice of appeal. The Supreme Court decided Chambers on January 13, 2009, over one year after Petitioner's sentence became final. Petitioner filed his Section 2255 Motion in June, 2009, about six months after the Supreme Court's decision in Chambers, claiming, among other things, that his attorney was ineffective in failing to appeal the District Court's determination that he is a career offender. It does not appear that Petitioner challenged directly the District Court's determination that his 2001 walkaway escape conviction constituted a predicate offense in determining his career offender status in view of Chambers in his Section 2255 proceedings. See United States v. Constant, 2011 WL 649767 (E.D.N.C.) and United States v. Constant, 433 Fed.Appx. 169, 2011 WL 2144546 (C.A.4(N.C.)), denying a certificate of appealability and dismissing Petitioner's appeal of the District Court's ruling upon his Section 2255 Motion. While his Section 2255 Motion was pending in the Eastern District of North Carolina, several Circuit Courts of Appeals including the Fourth Circuit Court of Appeals considered essentially the same issue in two procedural contexts, on direct appeal and in Section 2255 proceedings. United States v. Koufos, 666 F.3d 1243 (10th Cir. 2011)(On a direct appeal rehearing *en banc*, the Court determined that Mr. Koufos' prior escape conviction under 18 U.S.C. § 751 for escaping from arrest custody while awaiting his arraignment at a courthouse was a crime of violence under U.S.S.G. § 4B1.2(a).); United States v. Anglin, 601 F.3d 523 (6th Cir. 2010)(On Mr. Anglin's second direct appeal, the Court remanded for the District Court's determination whether his Section 751(a) conviction was a crime of violence in view of Chambers and its decision in Ford, *supra*.); United States v. Clay, 627 F.3d 959 (4th Cir. 2010)(On direct appeal, the Court determined that Mr.

Clay's walkaway escape from a Georgia State Diversion Center, a halfway house, did not qualify as a crime of violence under U.S.S.G. § 4B1.2(a).); United States v. Shipp, 589 F.3d 1084 (10th Cir. 2009)(having granted Mr. Shipp's timely filed 28 U.S.C. § 2253 petition for a certificate of appealability considering his claim that he was incorrectly sentenced as an armed career criminal on the basis of a walkaway escape a due process challenge to the length of his sentence, the Court found that Chambers presented "a substantive rule of statutory interpretation" which "applie[d] retroactively to Mr. Shipp on collateral review" and reversed the District Court's denial of his Section 2255 petition.); United States v. Lee, 586 F.3d 859 (11th Cir. 2009)(On direct appeal, the Court determined that Mr. Lee's New Jersey third degree escape conviction for leaving a halfway house without permission was not a crime of violence and vacated his sentence and remanded for re-sentencing.); United States v. Hopkins, 577 F.3d 507 (3rd Cir. 2009)(On Mr. Hopkins' second direct appeal, the Court found that his second degree misdemeanor escape conviction in Pennsylvania was not a crime of violence which qualified as a predicate for his sentencing as a career offender.); United States v. Hart, 578 F.3d 674 (7th Cir. 2009)(On direct appeal, the Court determined that Mr. Hart's prior Section 751(a) conviction was not a crime of violence under U.S.S.G. § 4B1.2(a).); United States v. Ford, 560 F.3d 420 (6th Cir. 2009)(On direct appeal, the Court found that Mr. Ford's prior Kentucky conviction of second degree escape was not a crime of violence under U.S.S.G. § 4B1.2(a).); United States v. Charles, 576 F.3d 1060 (10th Cir. 2009)(On direct appeal, the Court reversed Mr. Charles' career offender sentence and remanded for the District Court's determination whether his prior Section 751(a) conviction was a crime of violence in view of Chambers.) These decisions clearly indicate that if Petitioner's sentencing Court considered a walkaway escape conviction a predicate offense in determining that Petitioner is a career offender under U.S.S.G. § 4B1.1, Petitioner has a cognizable claim under Chambers. He nevertheless has no recourse under Section 2241. This Court

considered a similar claim under Section 2241 in <u>Boynes v. Berkebile</u>, 2012 WL 1569563 (S.D.W.Va.), finding that Mr. Boynes was challenging his sentencing as a career offender and not his conviction as the Fourth Circuit's decision in <u>Jones</u> requires and concluding that "[i]n light of the persuasive authority of this Circuit and others, the Court finds that Petitioner cannot satisfy the <u>Jones</u> standard to demonstrate that Section 2255 is inadequate or ineffective." <u>Boynes</u> at *8.[3] The same conclusion is required in this case. Petitioner in this case is challenging his sentence as a career offender under <u>Chambers</u>, not his conviction. Petitioner must seek relief under Section 2255 by requesting to reopen his Section 2255 proceedings to state his <u>Chambers</u> claim directly in the District Court and/or applying to the Fourth Circuit Court of Appeals to file a second or successive motion under Section 2255[4] or for a certificate of appealability of the District Court's ruling upon his initial motion under Section 2255 as in <u>United States v. Shipp</u>, <u>supra</u>.[5] For these reasons, Petitioner's

---

[3] A copy of District Judge Berger's decision in *Boynes* is attached hereto.

[4] 28 U.S.C. § 2255(h) states the procedure for obtaining the right to file of second or successive Section 2255 motions as follows:

(h)      A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

\* \* \*

(2)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[5] 28 U.S.C. § 2253(c) provides as follows respecting the obtaining of a certificate of appealability:

(c)(1)      Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

\* \* \*

(B)      the final order in a proceeding under section 2255.

(2)      A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional

7

Application should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) without prejudice and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

---

right.

(3) A certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 28, 2012.

R. Clarke VanDervort
United States Magistrate Judge